IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AMTRUST INSURANCE COMPANY OF KANSAS, INC. n/k/a AMTRUST INSURANCE COMPANY § § § § | |
| v. § | CIVIL ACTION NO.: 5:23-cv-238 |
| § § | |
| TOP CLASS HOSPITALITY, LLC, MDM F T, LLC, and HOTEL INDIGO FRISCO § § § | |

### PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

COMES NOW Plaintiff AMTRUST INSURANCE COMPANY OF KANSAS, INC. n/k/a AMTRUST INSURANCE COMPANY ("AmTrust"), and makes this Complaint for Declaratory Judgment pursuant to 28 USC §§ 2201 and 2202 against Defendants TOP CLASS HOSPITALITY, LLC ("Top Class"), MDM F T, LLC ("MDM") and HOTEL INDIGO FRISCO ("Hotel Indigo"), and shows the following:

### I. PARTIES

1.      Plaintiff AmTrust is a Delaware-incorporated and domiciled corporation with its principal place of business in New York.

2.      Defendant Top Class is a Texas limited liability company with its principal office in Austin, Travis County, Texas.  Upon information and belief, all members of Top Class are residents and citizens of Texas. Top Class may be served through its registered agent, Zoolfikar Momin, 5601 Sangiacomo Cove, Austin, Travis County, Texas 78759.

3.      Defendant MDM is a Texas limited liability company with its principal office in Cedar Park, Williamson County, Texas.  Upon information and belief all members of MDM are

residents and citizens of Texas. MDM may be served through its registered agent, Asif Mamad Momin, 403 Cisco Cove, Cedar Park, Williamson County, Texas 78613.

4. Hotel Indigo Frisco is a Texas business located at 2985 Avenue of the Stars, Frisco, Collin County, Texas 75034. Hotel Indigo may be served through its General Manager, Cory Harp, 2985 Avenue of the Stars, Frisco, Collin County, Texas 75034. Upon information and belief, Hotel Indigo is owned, operated, managed, controlled, and/or a d/b/a of Top Class and/or MDM.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a), because there is complete diversity of parties of citizenship among parties and the amount in controversy exceeds $75,000.

6. There is diversity of jurisdiction between AmTrust and all Defendants, as AmTrust is a citizen of Delaware or New York, and Defendants are citizens of Texas, and are not citizens of Delaware or New York.

7. Venue is proper in this Court under 28 U.S.C. §1391(b)(1) as Top Class and MDM reside in this judicial district, and/or 28 U.S.C. §1391(b)(2), as the Underlying Lawsuit pending in Bexar County, and a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## III. NATURE OF DISPUTE

8. This is an insurance coverage dispute. AmTrust brings this claim for declaratory judgment under both Federal Rules of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202. AmTrust seeks a determination that it has no obligation of defense or indemnity under a policy issued to MDM and Top Class for the allegations in an underlying lawsuit, styled *Tiffany Rodriguez Individually and as Next Friend of Madelynn Mungia v. K Partners Hotel Management*

*Corporation, K Partners Hospitality USA, LLC, MDM FT LLC, Intercontinental Hotels Corporation, Intercontinental Hotels Group Resources, LLC, Holiday Hospitality Franchising, LLC, Top Class Hospitality LLC, and Hotel Indigo Frisco*, Cause No. 2021-CI-25567, in the 288th District Court of Bexar County, Texas ("Underlying Lawsuit").

## IV.  FACTS

**Underlying Lawsuit**

9. On February 15, 2021, the Underlying Lawsuit was filed by Tiffany Rodriguez, Individually and as next friend of her minor daughter, Madelynn Mungia ("Rodriguez"), against Defendants including Top Class, MDM, and Hotel Indigo. A true and correct copy of the Original Petition is attached as Exhibit A.

10. In the Underlying Lawsuit, Rodriguez alleges that, on August 29, 2020, Rodriguez and her daughter, Madelynn Mungia ("Mungia") were staying as guests at the Hotel Indigo. Rodriguez and Mungia were in the pool; Rodriguez was, allegedly, sitting on the edge of the pool and Mungia, was in the pool holding onto Rodriguez' legs.  Rodriguez alleges that Hotel Indigo maintenance men turned on a jet in the pool which sprayed a concentration of pool chemicals into Mungia's face, while she was under water, purportedly resulting in Mungia ingesting and inhaling the alleged chemicals.

11.  Rodriguez contends that, "as a result of the chemical exposure," Mungia suffered injury and hospitalization.  Allegedly, "as a result of her exposure to the toxic and noxious chemical gasses and/or fumes," Mungia sustained injury.

12. In the Underlying Lawsuit, Rodriguez asserts that Hotel Indigo was, allegedly, owned, operated, managed and/or controlled by the Defendants. Rodriguez subsequently non-suited the InterContinental Defendants.

13.     AmTrust is currently providing a defense under reservation of rights to Top Class, MDM and Hotel Indigo.

**Policy**

14.     AmTrust issued a policy of insurance, Number KPP1055979 01, to the named insureds, Top Class and MDM, "dba Hotel Indigo Frisco," for the policy term June 30, 2020 through June 30, 2021 (the "Policy").  The Policy provided commercial general liability coverage with limits of $1 Million per occurrence and $2 Million in the aggregate.  A true and correct copy of the policy, with premiums redacted, is attached as Exhibit B.

15.     The Policy insuring agreement provides, in pertinent part:

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   * * *

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period;

   * * *

16.     The Policy includes a pollution exclusion.  The Policy's pollution exclusion states:

   2. Exclusions
      This insurance does not apply to:

      * * *

      f. Pollution

    (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration release or escape of "pollutants":
     (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. . . .

* * *

     (d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly or any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor.

* * *

17. "Pollutant" is defined by the Policy as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

18. The pollution exclusion precludes coverage for any "bodily injury" arising out of the actual or alleged discharge, dispersal, or release of any "pollutant," at or from any premises, site or location which is at any time owned or occupied any insured.

19. The Underlying Lawsuit alleges and asserts injury from the spraying of a concentration of pool chemicals, Mungia's inhaling of chemicals, resultant chemical exposure, exposure to toxic and noxious chemical gasses and/or fumes which were sprayed, resulting in chemical pneumonitis.

20. The pollution exclusion precludes coverage for Mungia's and Rodriguez' alleged injuries as the pool chemicals constitute pollutants, the injuries arose from an alleged discharge, dispersal, seepage, migration, release or escape of the chemicals and the release occurred at a premises owned by an insured. In addition or in the alternative, the pool working or an insured's behalf and the pool chemicals were brought onto the site conjunction with those operations.

## V. REQUEST FOR DECLARATORY JUDGMENT

21. Because the allegations are squarely with the scope of the exclusion, AmTrust has not duty to defend any insured.

22. Further, because the same facts that preclude indemnity also preclude defense. AmTrust owes no indemnity for any judgment that may be entered against any insured.

## VI. PRAYER

WHEREFORE, Plaintiff, AMTRUST INSURANCE COMPANY OF KANSAS, INC. n/k/a AMTRUST INSURANCE COMPANY, prays that that judgment be entered in favor of Plaintiff declaring:

(a) That the damages sought from all Defendants in this instant action as pending in the Underlying Lawsuit are not covered under the Policy based on the pollution exclusion;

(b) That the Policy does not extend any defense or indemnity obligation for the Underlying Lawsuit;

and that Plaintiff be awarded such other and further relief this Court deems just and equitable.

Respectfully submitted,

/s/ Beth D. Bradley
Beth D. Bradley
Texas Bar No. 06243900
bethb@tbmmlaw.com
Suzanne A. Schlicher
State Bar No. 02601800
suzannes@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone: 214-665-0100
Facsimile: 214-665-0199
**COUNSEL FOR PLAINTIFF,
AMTRUST INSURANCE COMPANY OF
KANSAS, INC. n/k/a AMTRUST INSURANCE
COMPANY**